## Panagoites Ziankos et al., Appellees, v. Hellenic Ortho- dox Church, San Constantine et al., Appellants.

## Gen. No. 18,299.

1. CHANCERY—*when will not take jurisdiction of ecclesiastical dispute.* A court of chancery will not ordinarily concern itself with the action of an ecclesiastical institution in removing its officiating priest.

2. INJUNCTIONS—*when appropriate to maintain status quo.* Where it is alleged that the offices of trustees and inspectors of a church organization have been illegally usurped a court of equity may properly grant an injunction to maintain the *status quo.*

Bill for injunction. Appeal from the Superior Court of Cook county; the HON. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 20, 1912.

STEDMAN & SOELKE, for appellants.

D. W. PARKER, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an interlocutory injunction restraining the appellants from interfering with the conduct of the affairs of the Hellenic Orthodox Church San Constantine. The bill was filed by the complainants, here the appellees, against the said church corporation and its fifteen alleged pretended trustees and five alleged pretended inspectors individually as defendants. Eight of the defendants filed answers admitting the allegations of the bill were true. The church corporation and nine of the individual defendants filed answers denying many of the allegations of the bill and replying with counter charges, and on a hearing on the pleadings and affidavits of a motion to dissolve the said temporary injunction, which had been entered on motion of the complainants without notice to the defendants, the court refused to dissolve same, and from this order the defendants appealed.

The record shows a bitter and unfortunate controversy over the question of removing the priest in charge of said church. With this question alone, as disclosed by the record, the court will not concern itself.

The bill appears to be based upon inconsistent theories. One, that there was no constitution adopted by the said church corporation, and the other that the said trustees were not lawfully elected under the said constitution, and were doing certain acts in violation of the provisions of the said constitution.

It may be that taking into consideration all the allegations of the bill, it might be properly held that they charged an illegal usurpation by the defendants

of the offices of said trustees and inspectors. If this be the view taken by the Chancellor of the allegations in the bill, he would be warranted in preserving the status quo on the evidence submitted, which consisted of charges and counter charges deplorable indeed, and no good could result in their recital here. We do not think it necessary to further discuss the pleadings or make any comment on the affidavits on this appeal.

We have concluded that under all the circumstances we should not reverse the said restraining order, which preserves the *status quo* until a final hearing and disposition of the cause.

*Affirmed.*